**Joseph BORTUGNO, Plaintiff–Appellant,**

v.

**METRO–NORTH COMMUTER RAIL-ROAD, Defendant–Appellee.**

**Docket No. 90–7384.**

United States Court of Appeals, Second Circuit.

Argued May 30, 1990.

Decided June 11, 1990.

---

Robert A. Katz, Melville, N.Y. (Gandin, Schotsky & Rappaport, Melville, N.Y., of counsel), for plaintiff-appellant.

Jose R. Rios, New York City (Robert Bergen, New York City, of counsel), for defendant-appellee.

Before LUMBARD, KEARSE and MINER, Circuit Judges.

PER CURIAM:

Defendant Metro–North Commuter Railroad ("Metro") moves to dismiss the appeal of plaintiff Joseph Bortugno from a final judgment of the United States District Court for the Southern District of New York. Metro contends that the appeal is untimely because the notice of appeal was not filed within 30 days after entry of judgment and the district court abused its discretion in extending the time to appeal for "excusable neglect," *see* Fed.R.App.P. 4(a)(5). We agree and dismiss the appeal.

## BACKGROUND

The present action, tried to a jury before Judge Vincent L. Broderick, resulted in a verdict in favor of Metro on February 27, 1990. On March 1, 1990, judgment was entered by the clerk of the district court pursuant to Fed.R.Civ.P. 58. Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, any notice of appeal from this judgment should have been filed within 30 days of entry of the judgment; because the 30th day fell on a Saturday, Bortugno had until Monday, April 2, to file his notice of appeal, *see* Fed.R.App.P. 26(a). He did not file within the time allowed.

On April 12, Bortugno's attorneys moved in the district court for an extension of the time to file a notice of appeal. In support of the application, Robert A. Katz, an appellate attorney in the firm, indicated that the trial attorney had been unaware that the clerk of the court would automatically enter a judgment, believing instead that the judgment was supposed to be prepared by counsel. At trial counsel's request, Katz inquired of the clerk's office on April 3 as to the proper form of the judgment and learned as a result that the judgment had been entered on March 1. The firm had not received a notice from the clerk's office when the judgment was entered; indeed, the clerk's office had not noted on the docket sheet a September 1989 change of representation and hence had not recorded the appearance of Bortugno's present firm. Katz argued that these facts warranted an extension of the time to file a notice of appeal. Metro opposed the application.

Since Judge Broderick was unavailable for an immediate ruling on Bortugno's application, the application was returnable before Judge Morris E. Lasker. After a brief hearing, Judge Lasker, by written endorsement, granted the application to extend Bortugno's time to appeal until April 20. Though the endorsement was not accompanied by a written statement of reasons, the uncontradicted affidavit of a Metro attorney who attended the hearing quotes Judge Lasker as stating as follows:

> I do not think that the plaintiff has much of a chance of winning on appeal from what I have read; however, I hate to see cases end in this fashion. I am going to allow the plaintiff to file his notice of appeal.

The notice of appeal was filed on April 16.

Metro has moved to dismiss the appeal on the ground that the granting of the extension was an abuse of discretion. It argues that there was no reasonable excuse for Bortugno's failure to learn of the entry of judgment prior to April 2, pointing out, *inter alia*, that the *New York Law Journal ("Law Journal")* on March 8 reported that an order had been entered in the case. In response, Katz states that because the firm believed counsel was to prepare the judgment, no one examined the *Law Journal* to see whether an order or judgment was entered by Judge Broderick. We conclude that the district court abused its discretion in granting the extension.

### DISCUSSION

■ Although Rule 77(d) of the Federal Rules of Civil Procedure provides that the clerk of the court is required to send the parties notice of entry of a judgment, that Rule goes on to provide that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by Rule 4(a) of the Federal Rules of Appellate Procedure." Fed.R.Civ.P. 77(d). When a party aggrieved by a judgment has failed to file a notice of appeal within the time provided by Fed. R.App.P. 4(a)(1), Rule 4(a)(5) allows the district court to grant him an additional period in which to file the notice if he has shown that his failure was the result of excusable neglect. Fed.R.App.P. 4(a)(5); Rule 4 Advisory Committee Note, 1979 Amendment (when "motion [for extension] is made after the time for filing the notice of appeal has run," Rule 4(a)(5) "requires a 'showing of excusable neglect' "). Such a motion is committed to the district court's sound, albeit reviewable, discretion, *see, e.g., 650 Park Avenue Corp. v. McRae*, 836 F.2d 764 (2d Cir.1988) (reversing granting of extension for abuse of discretion); *Mennen Co. v. Gillette Co.*, 719 F.2d 568 (2d Cir.1983) (reversing denial of extension for abuse of discretion), but the framework within which that discretion is properly exercisable is severely circumscribed, *see In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911, 916–18 (2d Cir.1985); 9 *Moore's Federal Practice* ¶ 204.13[1.–3] (2d ed. 1989).

■ In general, "a finding of 'excusable neglect' must be based either on acts of someone other than appellant or his or her counsel, or some extraordinary event. Such a finding may not be based on common oversight or administrative failure by the would-be appellant's counsel." *650 Park Avenue Corp. v. McRae*, 836 F.2d at 767. The mere failure of the court clerk to send the notification does not make counsel's failure to learn of the entry of judgment excusable. In *Fase v. Seafarers Welfare & Pension Plan*, 574 F.2d 72 (2d Cir. 1978), we held that "where the losing party has promptly received the court's order and opinion, and the *only* extenuating circumstance is the failure of the clerk to send notice of entry of judgment," there was no excusable neglect. *Id.* at 77 (emphasis in original). Even where the losing party was not aware of any decision, but the *Law Journal* carried notice that an order was entered in the case after the matter had been submitted for decision, we have ruled that counsel's failure to see the *Law Journal* item and investigate its contents is not an acceptable excuse. *See In re O.P.M. Leasing Services, Inc.*, 769 F.2d at 917–18.

■ In the present case, there was no showing that counsel's neglect was excusable. Though the clerk did not send a notice, counsel surely was aware that the case had been decided: the jury had re-

turned its verdict. Counsel's explanation for failing to monitor the *Law Journal* thereafter for entry of a judgment is unacceptable. According to Katz, the firm had not looked for orders entered by Judge Broderick because it thought the judgment was to be prepared by counsel. Rule 58 of the Federal Rules of Civil Procedure, however, provides that "upon a general verdict of a jury, ... the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court.... Attorneys shall not submit forms of judgment except upon direction of the court...." Fed.R.Civ.P. 58. Counsel's lack of familiarity with federal procedure is not an acceptable excuse. *Cf. Wakefield v. Northern Telecom, Inc.*, 813 F.2d 535, 542 (2d Cir.1987) (affirming district court's denial of leave to file bill of costs out of time where counsel's excuse was failure to receive notice of entry of order from clerk's office and lack of familiarity with current version of pertinent local court rule).

## CONCLUSION

We have considered all of Bortugno's arguments in opposition to the motion to dismiss and have found them to be without merit. We conclude that the extension of time to file the notice of appeal was improvidently granted. The appeal is dismissed for lack of appellate jurisdiction.