**Richard J. BRIGNOLI, Plaintiff,**

v.

**BALCH HARDY & SCHEINMAN, INC., Defendant.**

**No. 86 Civ. 4103 (RWS).**

United States District Court, S.D. New York.

June 26, 1990.

---

David & Associates, P.C., New York City, for plaintiff; Anne M. Nichter, of counsel.

Jacobson & Triggs, New York City, for defendant; John F. Triggs, of counsel.

## OPINION

SWEET, District Judge.

Arie E. David ("David") and the Law Offices of Arie E. David ("David Law Offices") move for an order granting leave to appeal the Opinion and Order of the Court dated April 12, 1990, which left unaltered a prior opinion of the court sanctioning these movants. The application for leave, which is opposed by defendant, is granted.

### The Facts

The opinion and order of this court dated April 12, 1990, 735 F.Supp. 100, (the "April 12 Opinion"), granted the motion of David for reargument of the court's prior opinion of November 30, 1989, but upon such rear-

gument, left undisturbed the prior ruling. The clerk of court entered that order and opinion on the docket on April 13, notice of which appeared in the New York Law Journal (the journal designated by the U.S. District Court for the Southern District of New York for the publication of legal notices in civil and admiralty causes) on April 17, 1990.

The court also mailed counsel copies of the April 12 Opinion on April 13, 1990. The copy directed to David was sent to the street address of 645 Madison Avenue, New York, New York, which proved to be an improper address.

The Madison Avenue address had appeared on the original motion papers filed by David, as well as on a letter of January 11, 1990 sent to chambers by Anne Nichter, a lawyer with the David Law Offices. By letter to chambers dated January 18, 1990 (which Nichter failed to copy to the clerk of court), however, Nichter indicated that David was in the process of relocating offices to an unstated address, that the post office required about two weeks to redirect mail, and requested, in the meantime, that mail be sent to a temporary address (David, c/o Law Offices of Nathan Ferst, 489 Fifth Avenue).[1]

One month after the issuance and mailing of the April 12 Opinion (and just shy of three months after the letter of January 18 indicating the court would be advised, current with the post office change of address, of the location of the firm's new offices), Nichter advised chambers and the clerk of the court on May 11, 1990 that David Law Offices had acquired a new address (730 Fifth Avenue). On May 29, 1990 the misaddressed April 12 Opinion was returned to the court by the U.S. Postal Service, with a notation that delivery had been attempted at the 645 Madison Avenue but the addressee (David) was "unknown." Appar-

---

1. David Law Offices continued to employ 645 Madison as the firm address in court business conducted at the time of and subsequent to the January 18 letter, causing additional confusion as to the firm's proper address. Thus, the Madison Avenue address was used on a stipulation filed that same day with the Clerk of the Court of Appeals for the Second Circuit, on additional motion papers also filed that day with the Clerk of the Court for the Southern District (who had not been advised of the changed address), and, thereafter, in a letter sent about two weeks later (on February 5, 1990) by David Law Offices to chambers in connection with the motion.

ently, the Postal Service either had never been advised of, or failed to consult, any forwarding address for David or David Law Offices.

Chambers that same day notified Nichter by telephone that the U.S. Postal Service had returned as undeliverable the April 12 Opinion, which had been sent to the firm's previously-employed Madison Avenue address. Nichter stated that she and the firm were unaware until the telephone call of the issuance of the April 12 Opinion. On June 11, 1990, David and David Law Offices filed the instant motion for leave to file a notice of appeal out of time.

### Discussion

Rule 4(a)(1), Fed.R.App.P., requires that a notice of appeal shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from. The April 12 opinion and order of this court was entered on the docket by the clerk on April 13, making the notice of appeal due on May 13, 1990.

As a result of the failure of David and David Law Offices to receive a copy of the April 12 Opinion through the mails promptly upon issuance, and of David's and his firm's own failure to review and act upon notice of the entry of that Opinion appearing in the Law Journal, they remained ignorant of the court's April 12 Opinion until May 29, 1990, more than two weeks after the time to perfect an appeal provided by Rule 4(a)(1), Fed.R.App.P. *See also* Rule 77(d), Fed.R.Civ.P. ("Lack of notice of the entry by the clerk does not affect the time to appeal").

The same rules, however, provide that the district court may extend the time for filing a notice of appeal "upon motion filed not later than 30 days after the expiration of the time prescribed" by Rule 4(a), "upon a showing of excusable neglect or good cause." Rule 4(a)(5), Fed.R.App.P., *cited in* Rule 77(d), Fed.R.Civ.P. David's motion was filed with the court on June 11, 1990, and thus satisfies the temporal requirement of Rule 4(a)(5), *viz.*, that such a motion be commenced no later than 30 days after the deadline to appeal has passed.

David has also, barely, made a showing of "excusable neglect" for failing to have filed a timely notice of appeal in the first place. There is no genuine question that David was ignorant of the issuance of the April 12 Opinion until after time to appeal had elapsed. As noted, that ignorance must be laid, in part, at his and his firm's doorstep, for failing to search the notices of orders published in the Law Journal. Nevertheless, in this instance that failing is deemed excused in view of the practice of the court, followed over the course of this several-year proceeding, of promptly providing actual copies of opinions and orders to the parties by mail. That practice, which misfired in this instance, apparently lulled David and his firm into a lapse in their own professional efforts to monitor the course of a proceeding. Particularly in light of the subject matter of these proceedings, which present reputational concerns to counsel, David and David Law Offices should not be deprived of their appeal solely because of a misplaced reliance upon the acuity with which chambers reviewed a notice of changed address. *Cf. Bortugno v. Metro–North Commuter Railroad,* 905 F.2d 674 (2d Cir.1990).

### Conclusion

Accordingly, the motion—treated as one under Rule 4(a)(5), Fed.R.App.P.—is granted and pursuant to that rule, movant's time for filing a notice of appeal of the April 12 Opinion is extended to ten days from the date of entry of this opinion and order.

It is so ordered.