John AVOLIO, Gary A. Abbate, and Silvio Abbate, Plaintiffs–Appellants,

v.

COUNTY OF SUFFOLK, Suffolk County Police Department; Detectives Joseph Avella and Angelo Carrion; and Detective Sergeant Donald Risener, Defendants–Appellees.

No. 691, Docket 93–7649.

United States Court of Appeals, Second Circuit.

Argued March 11, 1994.

Decided July 6, 1994.

John Avolio, plaintiff-appellant, pro se.

Gary A. Abbate, and Silvio Abbate, plaintiffs-appellants, pro se.

Derrick J. Robinson, Asst. Suffolk County Atty., Hauppauge, NY (Robert Cimmino, Suffolk County Atty.), for defendant-appellee Suffolk County.

Desmond J. O'Sullivan, Port Jefferson, NY, for defendant-appellee Risener.

Before: FEINBERG, PRATT, and MINER, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

This appeal requires us to interpret and apply, apparently for the first time in this circuit, a 1991 amendment to rule 4(a) of the Federal Rules of Appellate Procedure. The amendment extends until 180 days after entry of judgment the time within which a district court may permit late filing of a notice of appeal.

Plaintiffs' § 1983 action against Suffolk County, New York, the Suffolk County Police Department, Suffolk County Detectives Joseph Avella and Angelo Carrion, and Detective Sergeant Donald Risener was dismissed, partly as a matter of law during trial, and partly by a jury verdict. On February 4, 1993, the clerk entered judgment against the plaintiffs and, as required by Fed.R.Civ.P. 77(d), mailed notice of entry of the judgment to all parties.

In his affirmation supporting plaintiffs' motion for an extension of time to appeal, counsel for plaintiffs indicated that his office had never received a copy of the judgment. His affirmation implies that he first learned the judgment had been entered when on or soon after March 18, 1993, his client told him that he had contacted the court and was advised that a judgment had been signed on January 19, 1993. Counsel confirmed that information by telephone in a conversation with a deputy clerk and immediately obtained a copy of the judgment. Counsel further asserted that he could "conceive of no prejudice to any of the defending parties to this action" resulting from an extension of time to appeal.

On March 26, 1993, plaintiffs' attorney moved "pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure to reopen the time for plaintiffs to file a Notice of Appeal". Counsel for defendant Risener, by letter dated April 8, 1993, "vigorously oppose[d]" the motion "[i]n view of the complete lack of merit in Plaintiff's [sic] case". The other defendants raised no opposition. By memorandum and order dated June 9, 1993, the district court denied the motion. Despite the facts that the clerk's office had mailed copies of the judgment to all parties and that none of the copies was returned, the court assumed for purposes of the motion

that plaintiffs' attorney never received a copy of the judgment. Thus, the court turned to rule 4(a)(6), as amended in 1991. That rule reads as follows:

> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

The district court construed the word "may" as allowing it discretion to determine whether under the circumstances an extension should be granted, and it found that the circumstances "do not warrant such an extension". To guide its discretion the district court turned to the law as it existed before the 1991 amendment. Under that law, during a period of 30 days after the time to file a notice of appeal has expired, the district court could grant an extension only upon a showing of excusable neglect. In the second circuit, the clerk's failure to mail a notice of judgment did not constitute excusable neglect. *Bortugno v. Metro–North Commuter Railroad,* 905 F.2d 674, 676 (2d Cir.1990) (per curiam) (reversing district court's grant of extension). As pointed out by the district court, a party was obligated to find out when the judgment was entered, and counsel's failure to investigate when he did not receive notice of a judgment from the clerk, constitutes "unexcusable neglect and does not warrant an extension of time in which to file a notice of appeal."

In short, the district court interpreted the word "may" in the 1991 amendment to have incorporated into Fed.R.App.P. 4(a)(6) the same standard of excusable neglect that had guided our earlier rulings on motions for extensions of time to appeal.

We do not think the district court's decision correctly reflects either the purpose or effect of rule 4 as now amended. As pointed out in the notes of the advisory committee that accompanied the 1991 amendment,

> The amendment provides a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal.

> \*   \*   \*   \*   \*   \*

> This provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal.

In a civil case not involving the United States, a notice of appeal must be filed within 30 days after the date of entry of the judgment or order appealed from, Fed.R.App.P. 4(a)(1), unless the time is extended under one of the other subdivisions of rule 4(a). Under subdivision (5), the district court may extend the time upon a motion filed not later than 30 days after expiration of the original period, provided there is "a showing of excusable neglect or good cause". Plaintiffs could not qualify for this kind of extension because the mere failure to discover that the judgment had been entered, even when the clerk had failed to mail a notice of judgment as directed by Fed.R.Civ.P. 77(d), does not constitute excusable neglect. *Bortugno,* 905 F.2d at 676.

Subdivision (6) of rule 4(a), however, was added in 1991 to address precisely the type of problem presented by this case. It authorizes an extension of time when the appellant did not receive notice of the entry of the judgment or order within 21 days of its entry.

■ To qualify under subdivision (6), the movant must establish: (1) that he was entitled to notice of the entry of the judgment; (2) that he did not receive such notice from the clerk or any party within 21 days of its entry; (3) that no party would be prejudiced by the extension; and (4) that he moved within 180 days of entry of the judgment or within 7 days of his receipt of such notice, whichever is earlier.

Plaintiffs in this case claimed to have met these requirements. As to the first, there is no dispute that plaintiffs were entitled to notice of the entry of the judgment against them. As to the second—whether plaintiffs received such notice—there appears to be no problem, although the district court may wish to inquire further on the remand that we are ordering. Counsel's affirmation in support of the motion for an extension of time, as well as the district court's decision, both speak in terms of receipt of a *copy* of the judgment; the rule contemplates receipt of *notice of the entry* of the judgment. Whether the difference is significant or not in this case, we leave to the district court to determine.

█ In other respects, although the record lacks clarity, non-receipt of the notice seems to have been established. The moving papers reflect that while plaintiffs' counsel was out of the state for an 8–day period in March, one of the plaintiffs contacted the court and was advised that the judgment had been signed on January 19, 1993. Since plaintiffs were then represented by counsel, the notice of entry had to be received by counsel, not the party. *See* Fed.R.Civ.P. 5(b) ("[W]henever * * * service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney."). Furthermore, the notice must be received "from the clerk or any party". Finally, the notice contemplated by this rule is written notice; an oral communication simply is not sufficient to trigger the relevant time periods. In short, it appears at least until March 18, no notice was received by plaintiffs within the meaning of subdivision (6).

As to the third requirement—prejudice—the district court did not reach the question. Plaintiffs' counsel argued that no prejudice would follow in the circumstances here, and none of the defendants urged the district court to find prejudice. Nevertheless, a finding on this point by the district court will be required before the extension may be granted.

As to the fourth requirement—timeliness—counsel's affirmation asserts that after he returned to New York on March 18, 1993,

he obtained a copy of the judgment from the clerk. Presumably at that point he did receive from the clerk the required written notice that the judgment had been entered. His motion under subdivision (6), filed on March 26, 1993, was well within 180 days of the entry of judgment. It was also within the required seven days, since the intervening Saturday and Sunday are excluded from the calculation. Fed.R.Civ.P. 6(a). Plaintiffs' motion was therefore timely.

The district court did not reach some of these issues, because it interpreted the word "may" as granting to the district court discretion in deciding whether or not to grant the motion. To guide its exercise of discretion, the district court then incorporated into subdivision (6) the standard of "excusable neglect" that applies to applications for extensions of time under subdivision (5). This was error. The purpose of subdivision (6) was to relieve parties of the rigors of subdivision (5) when the failure to timely appeal was caused by not having received notice of the entry of judgment.

Were we to accept the district court's interpretation, we would subvert the central purpose of subdivision (6). As noted by the civil rules advisory committee in recommending a companion amendment to Fed.R.Civ.P. 77(d), "The purpose of the revisions is to permit district courts to ease strict sanctions now imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of a judgment." Advisory Committee Note to 1991 amendment of Fed.R.Civ.P. 77(d).

To balance the potentially substantial extension of the time to appeal, subdivision (6) in effect encourages the prevailing party to send its own notice of entry of judgment to the losing party. *See* David D. Siegel, *Changes in Federal Rules of Civil Procedure,* 142 F.R.D. 359, 378 (1992). As noted by the Advisory Committee, "Winning parties are encouraged to send their own notice in order to lessen the chance that a judge will accept a claim of non-receipt in the face of evidence that notices were sent by both the clerk and the winning party." Advisory Committee Note to Fed.R.App.P. 4(a)(6).

In sum, if a party does not receive notice of entry from the clerk or another party within 21 days of entry of the judgment, he may seek an extension of time under subdivision (6) at any time up to 180 days after entry of the judgment, provided he moves within 7 days of receipt of notice of entry; and he may succeed if he can establish that no party would be prejudiced by the delay. We need not determine to what extent discretion may lie in the district court under this rule; we do determine, however, that a denial of relief may not be based on a concept of inexcusable neglect for not having learned of the entry of judgment. That concept has no place in the application of subdivision (6).

We therefore vacate the order of the district court and remand for further proceedings with respect to plaintiffs' motion consistent with this opinion.