42 F.3d 1407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Anthony DODDS, Defendant-Appellant.
 No. 94-3017.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant William Anthony Dodds, appearing pro se, appeals the district court's denial of his 28 U.S.C. 2255 motion. We dismiss for lack of jurisdiction and remand for further proceedings consistent with this opinion.
 
 
 2
 The district court entered its order denying Defendant's 2255 motion on October 15, 1993. However, the clerk of the district court sent the Defendant's copy of the order to the wrong address.[3] On October 22, 1993 the clerk of the district court entered on the docket sheet the notation, "Returned Mail, Memorandum and Order ... addressed to deft. William Dodds, no forwarding address." On January 4, 1994, Defendant telephoned the clerk of the district court and learned for the first time that his 2255 motion was denied eighty-one days earlier. Petitioner placed his notice of appeal in the prison mail January 5, 1994. See Houston v. Lack, 487 U.S. 266, 276 (1988) (pro se prisoner's notice of appeal is deemed filed when delivered to prison officials for forwarding to the district court).
 
 
 3
 Pursuant to Fed. R.App. P. 4(a)(1), Defendant had sixty days in which to file his notice of appeal, or until December 14, 1993. Defendant, however, did not file his notice of appeal until January 5, 1994. Thus, this appeal is untimely and we lack jurisdiction. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (compliance with filing requirements is mandatory and jurisdictional).
 
 
 4
 Defendant, however, stated in his notice of appeal that he did not know the district court denied his 2255 motion until January 4, 1994, and that he had not yet received a copy of the order when he mailed his notice of appeal on January 5, 1994. Because Defendant recognized that he had a timeliness problem, we liberally construe Defendant's notice of appeal as a motion to reopen the time for appeal pursuant to Fed. R.App. P. 4(a)(6). See Haines v. Kerner, 404 U.S. 519, 520 (1972) (recognizing that pro se pleadings are held to less stringent standards than those drafted by lawyers); Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir.1991) (same). Fed. R.App. P. 4(a)(6) provides:
 
 
 5
 The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 
 
 6
 Fed. R.App. P. 4(a)(6). Defendant's situation may fall within the scope of Fed. R.App. P. 4(a)(6). See generally Avolio v. County of Suffolk, 29 F.3d 50 (2d Cir.1994) (setting forth scope and application of Fed. R.App. P. 4(a)(6)).
 
 
 7
 The appeal is DISMISSED and the case REMANDED to the district court. The court is directed to determine whether the time period for filing a notice of appeal should be reopened for fourteen days pursuant to Fed. R.App. P. 4(a)(6).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Although the docket sheet and pleadings contained the Defendant's correct address at the United States Penitentiary, Leavenworth, Kansas, the clerk of the district court sent the memorandum and order to a state institution in El Dorado, Kansas where the Defendant was previously incarcerated