### Willis GARNER, Plaintiff,

v.

### Officer Steven KLEIN, Officer Frank Camastro, et al., Defendants.

### No. 88 Civ. 5798 (DNE).

United States District Court,
S.D. New York.

April 5, 1995.

Willis Garner, pro se.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

Plaintiff, *pro se*, brings this motion, pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(1), to vacate the judgment entered against him in the above-captioned action. Defendants filed a motion for summary judgment, which was referred to Magistrate Judge Leonard Bernikow. On October 10, 1991, Magistrate Judge Bernikow filed a Report and Recommendation, recommending that defendants' motion for summary judgment be granted. On November 27, 1991, this Court adopted Magistrate Judge Bernikow's Report and Recommendation in its entirety, thereby granting defendants' motion for summary judgment and dismissing this action.

In his affidavit in support of the instant motion, plaintiff claims that he did not receive timely notice of the judgment entered against him. Plaintiff states that on March 16, 1992, he wrote to the Court requesting notification of the status of his case. By letter dated March 25, 1992, the Pro Se Office informed plaintiff of the judgment entered against him on November 27, 1991. On June 30, 1992, more than seven months after the entry of the judgment, plaintiff filed the instant motion for relief, claiming that he had unintentionally allowed the time to appeal from this judgment to expire because the Clerk of the Court allegedly failed to send him a copy of the judgment.[1]

---

1. Review of plaintiff's motion was delayed because plaintiff's motion papers were not transmitted to this Court upon filing. Plaintiff apparently failed to adhere to this Court's Individual Rule 1(b), which states: "Courtesy copies of all papers ... should be delivered to chambers on the date of filing." Moreover, at no time since the filing of this motion has plaintiff contacted the Court.

Rule 60(b) provides, in part, that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." A motion to extend the deadline for filing an appeal based on the alleged failure of the Clerk of the Court to send the moving party a copy of a judgment or order is, however, specifically governed by Rule 77(d) and Federal Rule of Appellate Procedure ("Appellate Rule") 4(a)(6). Rule 77(d) provides, in part: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Appellate Rule 4(a)(6) provides:

> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

In his motion papers, plaintiff concedes that he became aware of the entry of judgment against him approximately four months after the judgment was entered on the record by the Clerk of the Court, but he waited an additional three months to file this motion. Thus, plaintiff brought this motion more than 180 days after the entry of the judgment at issue.

As a threshold matter, it should be noted that Appellate Rule 4 was amended after entry of this Court's judgment, but before plaintiff filed the instant motion. Appellate Rule 4(a)(6), quoted above, was enacted by an amendment that became effective December 1, 1991. Courts have given movants in plaintiff's position the benefit of the more lenient provisions of the 1991 amendment to Appellate Rule 4.[2] *See* Order of the Supreme Court, 134 F.R.D. 725, 725 (Apr. 30, 1991) (new version of Rule 4(a) "shall take effect on December 1, 1991, and shall govern all proceedings in appellate cases thereafter commenced and, insofar as practicable, all proceedings in appellate cases then pending"); *In re Jones,* 970 F.2d 36, 38–39 (5th Cir.1992) ("We conclude that the new version of Rule 4(a) applies to this case.... This conclusion accords with the general rule that courts apply procedural rules as they exist at the time of decision, as long as no manifest injustice results."); *In re Virgin Islands Bar Assn.,* No. 1990–106, 1994 U.S. Dist. LEXIS 8443, *8 n. 9 (D.V.I. June 13, 1994) (same).

Nevertheless, even under the revised Rule, and accepting all of plaintiff's allegations as true, plaintiff's motion must be denied because it was filed more than 180 days after the entry of judgment.[3] As pointed out in the advisory committee notes that accompany the 1991 amendment,

> Reopening may be ordered only upon a motion filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, whichever is earlier. This provision establishes an outer time limit of 180 days for a party

---

2. Clearly, plaintiff would not have prevailed under the law as it existed prior to the 1991 amendment. Under that law, during a period of thirty days after the time to file a notice of appeal expired, the district court could grant an extension only upon a showing of excusable neglect. *Avolio v. County of Suffolk,* 29 F.3d 50, 52 (2d Cir.1994). In the Second Circuit, under Appellate Rule 4 as it existed prior to the 1991 amendment, the Clerk of the Court's failure to mail a notice of judgment did not constitute excusable neglect. *See id.* (citing *Bortugno v. Metro–North Commuter R.R.,* 905 F.2d 674, 676 (2d Cir.1990) (*per curiam*) (reversing district court's grant of an extension)).

3. This analysis grants plaintiff the presumption that he is entitled to the 180–day provision of Appellate Rule 4(a)(6). Under Appellate Rule 4(a)(6), however, it appears that plaintiff's deadline for filing a motion to extend the deadline for appeal was, in fact, some time in early April 1992, because it appears that the March 25, 1992 letter from the Pro Se Office gave plaintiff notice of the entry of judgment and thereby triggered the "within 7 days of receipt of such notice" provision of Appellate Rule 4(a)(6).

who fails to receive timely notice of entry of a judgment to seek additional time to appeal ...

Accordingly, the motion is denied.

SO ORDERED.