316 F.3d 1066
 Hideo ARAI; Mitsuko Arai, individuals, Plaintiffs-Appellees,
v.
AMERICAN BRYCE RANCHES INC., a Nevada Corporation; Clark R. Powell, an individual; Jack Nester, an individual; James Hirtle, an individual dba Re Max Realtors of Pacos Verde Peninsula; Joan Young Won Choi, dba Re Max Realtors of Pacos Verde Peninsula; Barbara Pazanowski, an individual; Kinko Kurohara, an individual; Takako Hamachi, Defendants,
v.
Nester Leff, an individual, Defendant-Appellant.
 No. 01-56405.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted December 4, 2002.
 Filed January 21, 2003.
 
 Ernest Leff, Beverly Hills, CA, argued the cause and filed briefs in pro per.
 John Kralik, Los Angeles, CA, argued the cause for plaintiffs/appellees; Dane L. Miller, Miller Tokuyama Kralik & Sur, filed a brief.
 Appeal from the United States District Court for the Central District of California; Edward Rafeedie, District Judge, Presiding. D.C. No. CV-92-01489-ER.
 Before: REINHARDT, O'SCANNLAIN and PAEZ, Circuit Judges.
 OPINION
 O'SCANNLAIN, Circuit Judge:
 
 
 1
 We must decide whether the district court abused its discretion by denying a motion to reopen the time for appeal because, in its opinion, the grounds for the underlying appeal were meritless.
 
 
 2
 * In 1992, Hideo and Mitsuko Arai (collectively "the Arais") sued Ernest Leff[1] for fraud and deceit in the Central District of California. During the pendency of the suit, Leff filed for Chapter 11 bankruptcy protection, but the bankruptcy court granted the Arais leave to proceed. In November 1994, before trial, the Arais and Leff reached a settlement. Under its terms, Leff was required to pay the Arais $50,000 by January 31, 1995, and if he did not, judgment, non-dischargeable in bankruptcy in the sum of $2,543,000, would be entered. The district court approved the settlement.
 
 
 3
 Leff failed to make the required $50,000 payment to the Arais by January 31, 1995, and the district court, in accordance with the terms of the settlement, entered the stipulated judgment against Leff in February 1995. Shortly thereafter, Leff moved to vacate or to amend the judgment, alleging that the district court did not have subject matter jurisdiction. In April 1995, the court amended the judgment, but denied Leff's motion to vacate it. Leff did not appeal the court's decision.
 
 
 4
 The Arais then brought an adversary proceeding in the bankruptcy court to collect their judgment. The bankruptcy court, however, closed the Arais' case because they already had a non-dischargeable judgment. The Arais appealed, but the Bankruptcy Appellate Panel ("BAP") affirmed the bankruptcy court and closed the case. Although the Arais' case remained closed, the bankruptcy court amended its discharge order specifically to exclude the Arais' district court judgment.
 
 
 5
 Leff appealed the amended discharge order to the BAP, arguing that the district court judgment was void for lack of subject matter jurisdiction and thus could not be enforced. The BAP affirmed the bankruptcy court's order. Leff then appealed to this court, which also rejected his arguments, noting that he was precluded from collaterally attacking the district court's judgment because he did not raise the issue in the district court and he did not appeal from that court's judgment. See Leff v. Arai (In re Leff), 2000 WL 1234616, at *1 (9th Cir.2000) (memorandum disposition). The court also noted that even if it had addressed Leff's claim, the district court clearly had subject matter jurisdiction. Id.
 
 
 6
 On January 8, 2001, Leff again moved the district court to vacate the April 1995 judgment, again on grounds that the court lacked subject matter jurisdiction. The court denied the motion on March 14, 2001, stating that Leff's motion was "meritless." Although required to do so, see Fed.R.Civ.P. 77(d), the district court clerk never notified Leff of the court's decision. Approximately ninety days after the motion was denied, Leff's secretary called the clerk's office to inquire about the status of his motion, and was informed that it had been denied. This was the first notice that Leff received that the district court had ruled on his pending motion.
 
 
 7
 On June 25, 2001, six days after discovering that the court had entered judgment, Leff moved to reopen the time for filing an appeal. The court denied the motion, stating again only that Leff's "motion [wa]s meritless." Leff now appeals from the district court's denial of his motion to reopen the time to file an appeal.
 
 II
 
 8
 Leff argues that the district court was required to reopen the time for appeal because he met the technical requirements of Federal Rule of Appellate Procedure ("FRAP") 4(a)(6). Rule 4(a)(6) states,
 
 
 9
 The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier; (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and (C) the court finds that no party would be prejudiced.
 
 
 10
 FRAP 4(a)(6). There is no dispute that Leff met all three of these conditions: he was entitled to notice of the entry of judgment, but did not receive it; he filed his motion within 7 days of receiving notice of entry[2] and within 180 days of the judgment; and no party was prejudiced. The sole issue on appeal is whether the district court abused its discretion by nonetheless denying Leff's motion.
 
 
 11
 According to Leff, under Nunley v. City of Los Angeles, 52 F.3d 792, 798 (9th Cir.1995), where the three enumerated conditions in Rule 4(a)(6) are met, the court is required to reopen the time for appeal to ensure that "a technical denial of the opportunity to appeal" does not prohibit the appellate court from reaching the merits of the case. The Arais aver, however, that the rule is discretionary; a district court is not required to grant a motion to reopen, even if the enumerated conditions are met. As evidence, the Arais cite the plain language of Rule 4(a)(6), which states, "The district court may reopen the time to file an appeal." FRAP 4(a)(6) (emphasis added).
 
 
 12
 In Nunley, we adopted the Second Circuit's interpretation of Rule 4(a)(6) in Avolio v. County of Suffolk, 29 F.3d 50, 54 (2d Cir.1994), and held that "the concept of excusable neglect has no place in the application of Rule 4(a)(6)." 52 F.3d at 798. In doing so, we deferred deciding whether a district court can deny a Rule 4(a)(6) motion even when the rule's conditions are met. Contrary to Leff's argument that Nunley requires a mechanical grant of a motion to reopen the time to file an appeal when the enumerated factors are met, however, we expressly noted, "This interpretation does not result in the automatic application of 4(a)(6) upon findings of no receipt and no prejudice to other parties. The word `may' allows for discretion." Id. at 798.
 
 
 13
 Today, we pick up where the Nunley court left off. The plain language of Rule 4(a)(6) mandates that the district court retain discretion to deny an appellant's motion to reopen. FRAP 4(a)(6); see also In re Jones, 970 F.2d 36, 39 (5th Cir.1992) ("Rule 4(a)(6) allows the district court to grant relief if the specified requirements are satisfied, but the rule does not require the district court to grant the relief, even if the requirements are met."). To the extent that we have never explicitly ruled on the issue, we now hold that the district court has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met.
 
 III
 
 14
 Concluding that the district court has the discretion to deny the motion even if the enumerated conditions are met, however, does not end our inquiry. We must review the district court's denial of the motion to reopen the appeal for an abuse of discretion. In re Stein, 197 F.3d 421, 424 (9th Cir.1999); Nunley, 52 F.3d at 794. The limit of the district court's discretion under this rule has not yet been addressed by our court.
 
 
 15
 The Arais argue that the district court did not abuse its discretion in this case because (1) the motion came almost five years after the judgment was issued and Leff's first motion to vacate was denied; (2) Leff failed to appeal directly the district court's judgment; (3) Leff chose to litigate in the bankruptcy court, the BAP, and this court; and (4) Leff's motion presented the same arguments already denied by our court.[3] In essence, the Arais argue that the district court was correct: Leff's motion to vacate was indeed meritless.[4]
 
 
 16
 Although the text of Rule 4(a)(6) does not provide guidance on the scope of the district court's discretion, its discretion is nonetheless limited. See, e.g., Nunley, 52 F.3d at 798 (holding that a denial of a Rule 4(a)(6) motion may not be based upon the concept of "excusable neglect"). One such fundamental limitation upon the court's discretion under this rule is the merit of the appeal itself. Rule 4(a)(6) was adopted to soften the harsh penalty of losing one's right to an appeal due to the government's malfeasance in failing to notify a party of a judgment, not to limit a party's statutory right to appeal the district court's final decision on the merits. Nunley, 52 F.3d at 795 ("Rule 4(a)(6) was adopted to reduce the risk that the right to appeal will be lost through a failure to receive notice."); cf. Fed.R.Civ.P. 77(d) advisory committee note (1991 amendment) (companion amendment to FRAP 4(a)(6)) ("The purpose of the revisions is to permit district courts to ease strict sanctions now imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of judgment.").
 
 
 17
 Nevertheless, to allow district courts to consider the underlying merits of the parties' claims when presented with a Rule 4(a)(6) motion would do just that. A district court could effectively insulate its own ruling from appellate review every time the clerk failed to provide notice to the parties by denying the motion to reopen the time to appeal because, in its view, the appeal has no merit. This is simply not consistent with the nature of our appellate system, and we decline to ascribe such an intention to the drafters of the Rules of Appellate Procedure.
 
 
 18
 We need not decide what factors the court ultimately may utilize in denying a Rule 4(a)(6) motion. Necessarily, the court can consider some factors outside the requirements of Rule 4(a)(6) as the court's discretion extends beyond the technical requirements of the rule. At this juncture, however, we decline to speculate on what those might be. It is enough to say that the merits of the potential appeal are not a permissible consideration. Here, it would appear that the district court erred by considering the merits of Leff's underlying appeal. As such, we must conclude the district court abused its discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law ...."); Wilson v. City of San Jose, 111 F.3d 688, 691 (9th Cir.1997).
 
 IV
 
 19
 For the foregoing reasons, the district court's judgment is REVERSED AND REMANDED for proceedings not inconsistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 While the docket sheet lists the appellant as Nester Leff, both parties refer to the appellant as Ernest Leff. We defer to the appellant's preferred nomenclature
 
 
 [2]
 Although the Arais in their response to Leff's motion to reopen the time to file an appeal contended that Leff filed his motion 8 days after receiving notice, they did not raise this issue in their brief with this court and they conceded at oral argument that the motion to reopen the appeal was timely. There is no dispute that Leff filed a timely motion to reopen the appeal
 At oral argument, the Arais also argued that they would be prejudiced by reopening the appeal and because prejudice was apparent on the record, the district court was not required to make specific findings. We decline to address this argument. The Arais failed to argue prejudice in the district court and also failed to raise prejudice in their brief filed before this court. Accordingly, we hold this argument was waived. Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., 306 F.3d 806, 820 n. 8 (9th Cir.2002) (party waived claim by failing to present it in the district court or in its opening brief).
 
 
 [3]
 In his reply brief, Leff countered that his claims are not precluded, even though he wishes to present the same arguments that he did in his previous appeal to this court, because he never attacked the district court's amended judgment when it was issued in April 1995. But, whether or not the claims are precluded is not at issue in this appeal. Leff fails to address the Arais' specific contentions, instead insisting that the district court was required to make findings on the issue of receipt as required byNunley. Since the Arais did not contest that Leff did not receive notice of the judgment, the district court was not required to make specific findings. Leff's argument is thus irrelevant.
 
 
 [4]
 The district court's judgment could also be fairly read to refer not to the merits of the underlying appeal, but to Leff's motion to reopen the appeal itself. We decline to address whether the district court abused its discretion under this interpretation, however, as the parties have not raised the issueGreenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir.1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.") (citation omitted).