**Ruben CODDA, Plaintiff—Appellee,**

v.

**Carol CODDA, Defendant—Appellant.**

No. 03–17406.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2005.[*]

Decided Sept. 16, 2005.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] The Honorable John A. Houston, United States District Judge for the Southern District of California, sitting by designation.

Christopher Loizeaux, Esq., Napa, CA, for Plaintiff–Appellee.

Evelyn Davidson, Esq., San Francisco, CA, for Defendant–Appellant.

Before: B. FLETCHER and BERZON, Circuit Judges, and HOUSTON,[**] District Judge.

MEMORANDUM [***]

Appellant Carol Codda ("Codda") appeals the district court's order remanding this case to state court for adjudication. Codda's husband, Ruben Codda, the appel-

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

lee in this action, brought suit in the Superior Court of Napa County, California, seeking a dissolution of marriage. In the course of the proceedings in state court, issues concerning the custody of the Coddas' minor child also became the subject of the action.

On May 21, 2003 Codda filed a motion to remove the case to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Ruben Codda then filed a motion to remand pursuant to 28 U.S.C. § 1447 for lack of subject matter jurisdiction, which was granted by the district court on August 19, 2003. The court held that jurisdiction was lacking because the issues presented in the case, divorce and child custody, were subject to the "domestic relations" exception to federal jurisdiction, *see Ankenbrant v. Richards,* 504 U.S. 689, 694–96, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), and that because all of Codda's asserted bases for jurisdiction were defenses, the well-pleaded complaint rule, *see Caterpillar v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), precluded federal jurisdiction. Codda appeals to this court.

We need not address either of the substantive bases for the district court's order because, for two independent reasons, we are without jurisdiction to decide this case.

First, Codda failed to file a timely Notice of Appeal. Although the district court's order granting the motion to remand to state court was filed on August 19, 2003, Codda's Notice of Appeal was not filed until December 24, 2003, well past the thirty-day deadline required by Federal Rule of Appellate Procedure 4(a).

In explanation of this failure, Codda states that the district court's improper electronic filing of its remand order failed to provide her with adequate notice to enable her to appeal in a timely manner. Assuming this representation to be true, Codda failed to comply with the provisions of Rule 4(a)(6), which establishes a procedure whereby a litigant who failed to receive notice of a final order can move the district court to reopen the time to file an appeal. FED. R.APP. P. 4(a)(6); *see Arai v. American Bryce Ranches, Inc.,* 316 F.3d 1066, 1070 (9th Cir.2003) ("Rule 4(a)(6) was adopted to soften the harsh penalty of losing one's right to an appeal due to the government's malfeasance in failing to notify a party of a judgment...."). Rule 4(a)(6) "provides the exclusive means for extending appeal time for failure to learn that the judgment has been entered." *In re Stein,* 197 F.3d 421, 425 (9th Cir.1999) (as amended) (quoting 16A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3590.6, at 228 (3d ed.1999)). Because Codda failed to perfect her Notice of Appeal using the means available to her through Rule 4(a)(6), we are without jurisdiction to hear her challenge to the district court's order. *See Browder v. Director, Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (stating that the thirty-day time limit under Rule 4(a) is "mandatory and jurisdictional") (internal quotation marks omitted).

Codda asks us to excuse her failure to file a timely Notice of Appeal based on the "unusual circumstances" doctrine—actually, the "unique circumstances" doctrine—of *Thompson v. INS,* 375 U.S. 384, 386–87, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). That exception is reserved for instances "where a party has performed an act, which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); *see also Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1462 (9th Cir.1992) (describing the doctrine as permitting an appellate court to "hear a late-filed appeal if the delay was induced by affirmative

assurances from the district court that the appeal would be timely"). These circumstances are not present in this case. As Codda's failure to file a timely Notice of Appeal cannot be excused, this court is without jurisdiction.

Second, even if the appeal were timely filed, we would still lack jurisdiction, because orders remanding cases to state court are ordinarily not reviewable on appeal. *See* 28 U.S.C. § 1447(d). Although the language of § 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), the courts have narrowed this broad statement to foreclose appellate review only in circumstances where remand was granted on the basis of a lack of subject-matter jurisdiction pursuant to § 1447(c). *See* 28 U.S.C. 1447(c); *United Investors Life Insurance Company v. Waddell & Reed, Inc.,* 360 F.3d 960, 963 (9th Cir.2004). Remand orders, therefore, are appealable only when based on non-jurisdictional grounds. *See Kunzi v. Pan Am. World Airways, Inc.,* 833 F.2d 1291, 1293 (9th Cir.1987). The remand order in the present case was squarely based on jurisdictional reasons. As a result, we lack the authority under § 1447(d) to hear Codda's appeal.

For the reasons stated above, we dismiss Codda's appeal for want of jurisdiction.

DISMISSED.

