

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2007

# Bazuaye v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4972

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bazuaye v. Secretary Homeland" (2007). *2007 Decisions.* Paper 1452.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1452

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-146                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4972
_____

JEROMI BAZUAYE,

Appellant

v.

SECRETARY MICHAEL CHERTOFF, Department of Homeland Security;
ALBERTO GONZALES, Attorney General of the United States;
JOHN P. TORRESS, Acting Director Office of Detention and
Removal Bureau of Immigration and Customs Enforcement;
CHRISTOPHER SHANAHAN, Field Officer, Director, Detention
and Removal Bureau of Immigration and Customs Enforcement;
WILLIAM FRASER, Warden, Monmouth County Jail
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-CV-01028)
District Judge: Honorable Dickinson R. Debevoise
_____

Submitted For Possible  Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 1, 2007

Before:     RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed: March 20, 2007)

_____

OPINION
_____

PER CURIAM

Jeromi Bazuaye appeals from an order of the United States District Court for the District of New Jersey, denying his motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). Rule 4(a)(6) allows a district court to reopen the time for appeal when a party entitled to notice of entry of a judgment or order did not receive such notice from the court or any party within 21 days of its entry: (1) upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier; and (2) upon finding that no party would be prejudiced. Here, Bazuaye conceded in his motion that his attorney gave him a copy of the order dismissing his habeas petition on or about May 4, 2006. Coincidentally, the order was entered on that same date.

Bazuaye argues that he did not receive notice that the order was docketed (entered) until he received a letter from this Court on September 16, 2006, indicating that his appeal would be considered for possible dismissal because it was untimely. Assuming that neither Bazuaye nor his attorney[1] received notice of the "entry" of the judgment, it is possible that Bazuaye technically met the requirements for filing a Rule 4(a)(6) motion.

_____

[1] Bazuaye is proceeding pro se on appeal, but he was represented by counsel when the order dismissing his habeas petition was entered. We note that notice of entry to the attorney would have constituted notice to Bazuaye as well. Marcangelo v. Boardwalk Regency, 47 F.3d 88, 90 (3d Cir. 1995).

2

However, a district court retains discretion to deny a Rule 4(a)(6) motion even if the requirements are met. See Arai v. American Bryce Ranches Inc., 316 F.3d 1066, 1069 (9th Cir. 2003). As the District Court noted here, pursuant to Federal Rules of Civil Procedure Rule 77(d), "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." "Implicit in this rule is the notion that parties have a duty to inquire periodically into the status of their litigation." Nguyen v. Southwest Leasing and Rental Inc., 282 F.3d 1061, 1066 (9th Cir. 2002) (citations omitted). Bazuaye had actual written notice that the District Court had signed an order dismissing his petition on April 28, 2006. Common sense dictates that the order would soon thereafter be entered on the docket, and it was. The District Court did not abuse its discretion in denying Bazuaye's motion to reopen, which was filed more than four months after he had written notice of the order. The District Court's order will be affirmed.