Michelle La Nette NUNLEY, Plaintiff–Appellant,

v.

CITY OF LOS ANGELES, et al., Defendants–Appellees.

Nos. 93–56110, 93–56166.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1995.

Decided April 6, 1995.

---

Robert Mann and Donald W. Cook, Los Angeles, CA, for plaintiff-appellant.

James K. Hahn, City Atty., Thomas C. Hokinson, Sr. Asst. City Atty., and Katherine J. Hamilton, Deputy City Atty., Los Angeles, CA, for defendants-appellees.

Before: BEEZER and NOONAN, Circuit Judges, and EZRA, District Judge.*

DAVID ALAN EZRA, District Judge:

This appeal from a district judge's denial of an extension of time to file notice of appeal raises questions of first impression concerning the interpretation of Federal Rule of Appellate Procedure 4(a)(6). Rule 4(a)(6) provides for an extension of time upon a showing that the would-be appellant did not receive notice of the entry of judgment and that no other party would be prejudiced by the extension. We hold that a specific factual denial of receipt of notice rebuts the presumption of receipt, which is to be given no further weight. We also hold that Rule 4(a)(6) motions may not be denied based upon the concept of "excusable neglect." Therefore, we vacate the decision of the district judge and remand for a determination of receipt of notice.

## I. Background

On February 19, 1993, the district court entered judgment against Michelle La Nette Nunley ("Nunley") after a jury returned a verdict in favor of the City of Los Angeles and individual defendants (collectively "City"). At trial, Nunley had claimed damages for injuries suffered as the result of an attack by a police dog. On March 5, 1993, Nunley timely served a motion for judgment notwithstanding the verdict or for new trial pursuant to Fed.R.Civ.P. 50(b), 59(e), and 60(b).[1] On April 9, 1993, the district court entered an order denying Nunley's motion. The face of the entered order bears a stamp stating: "I certify that this document was

---

* Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

1. The City contends that Nunley's motion was untimely, but because the judgment was entered on February 19, 1993, Nunley had until March 5, 1993 to serve her motion. *See* Fed.R.Civ.P. 50(b), 59(a) (motions under Rules 50(b) and 59(a) must be served within ten days of the entry of judgment); Fed.R.Civ.P. 6(a) (in computing the ten-day period, intermediate Saturdays, Sundays, and legal holidays are excluded).

served by first class mail, postage prepaid, to all counsel (or parties) at their respective, most recent, address of record, in this action, on this date." The date "4/9/93" and the signature of the deputy clerk appear in blanks below the stamp. Boxes at the bottom of the document labelled "Docketed," "Mld Copy Ptys," and "Mld Notice Ptys" are checked. Regarding the April 9, 1993 entry of the order, the civil docket continuation sheet bears the notation "mld cpys & notc."

Nunley's counsel had received the proposed order drafted by the City on April 2, 1993. Counsel appeared in court at least once prior to May 10, 1993, on April 26, 1993, in response to a motion to retax costs.

On May 10, 1993, Nunley's counsel went to the district court clerk's office and asked to view the docket. Having been told that the docket could not be found, counsel examined the file, which did not contain any indication that an order had been signed. A paralegal conducted a similarly unproductive search for Nunley on May 17, 1993. Finally, on May 20, 1993, the docket became available for inspection and Nunley's counsel observed the April 9, 1993 entry of the order denying her motion for judgment notwithstanding the verdict or for new trial. The file still did not contain the signed order. Opposing counsel had not independently served the judgment on Nunley as permitted by Fed.R.Civ.P. 77(d).

Nunley filed an *ex parte* application for extension of time to file an appeal on May 26, 1993, citing only Fed.R.App.P. 4(a)(5).[2] On June 14, 1993, the district judge denied Nunley's application. On July 13, 1993, Nunley appealed the district judge's decision. Appeal no. 93–56110. On June 9, 1993, Nunley filed a motion for an extension of time to file an appeal under Fed.R.App.P. 4(a)(5) and (6). On July 22, 1993, the district judge denied this motion. On August 3, 1993, Nunley also appealed the district judge's July 22, 1993 decision. Appeal No. 93–56166. On September 8, 1993, we dismissed Nunley's appeal no. 93–56110 on the ground that it duplicated appeal no. 93–56166.[3]

Nunley appeals the district judge's denial of her motions under Fed.R.App.P. 4(a)(5) and 4(a)(6) to enlarge time to file a notice of appeal. We vacate the decision of the district judge and remand for further proceedings.

## II.   Standard of Review

■   We review for abuse of discretion a district judge's denial of a motion brought under Fed.R.App.P. 4(a)(5) or (6) for an extension of time to file notice of appeal. *National Indus., Inc. v. Republic Nat'l Life Ins. Co.*, 677 F.2d 1258, 1264 (9th Cir.1982) (Fed. R.App.P. 4(a)(5)).

## III.   Discussion

### A.   *Federal Rule of Appellate Procedure 4(a)(6)*

Nunley claims to have received actual notice of the district court's April 9, 1993 order on May 20, 1993. Because Nunley admits that she received actual notice on May 20, 1993, the district judge only had authority under Rule 4(a)(6) to consider Nunley's May 26, 1993 *ex parte* application,[4] which was filed within 7 days of actual notice, and not her June 9, 1993 motion citing Rule 4(a)(6), which was untimely under that rule. *See* Fed. R.App.P. 4(a)(6); *Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir.1994) (per curiam) (district

---

**2.** On May 24, 1993, Nunley filed a notice of appeal of the district court's February 9, 1993 judgment and April 9, 1993 order. On September 8, 1993, we dismissed Nunley's appeal as untimely. *See Nunley v. City of Los Angeles*, No. 93–55808 (9th Cir. Sept. 8, 1993).

**3.** This dismissal was a technical error. Appeal no. 93–56110 was from the district court's June 14, 1993 order denying Nunley's *ex parte* application to extend time, and appeal no. 93–56166 was from the district court's July 22, 1993 order denying Nunley's motion for an extension of time. Thus, appeal no. 93–56110 does not dupli-

cate appeal no. 93–56166, and we reinstate appeal no. 93–56110 and consolidate it with appeal no. 93–56166. However, because the parties' briefs in appeal no. 93–56166 address both the district judge's denial of Nunley's *ex parte* application and its denial of Nunley's noticed motion, no further briefing or argument is necessary.

**4.** While this initial *ex parte* application did not invoke Rule 4(a)(6), we will not rigidly deny her review under the authority of Rule 4(a)(6), given her later citation of the rule and its clear application to the circumstances here.

court has no authority to consider a motion which is not filed within Rule 4(a)(6)'s time constraints).

### 1. *Ex Parte* Application

■ Rule 4(a)(6) provides that a district judge may reopen time for appeal "upon motion" and upon a finding "that no party would be prejudiced." Rule 5(a), Fed.R.Civ. P., requires every written motion to be served, except a motion which may be heard *ex parte*. While Fed.R.App.P. 4(a)(5) expressly allows an *ex parte* motion to extend time to file a notice of appeal if the motion is filed within the 30–day time period allowed for filing the notice of appeal, Rule 4(a)(5) also states that notice of any motions for extensions of time filed after this period "shall be given to the other parties in accordance with local rules." The requirement in Rule 4(a)(6) of a motion, not an informal application, and the lack of provision for *ex parte* filing, weigh in favor of requiring noticed motions.

The potential prejudice to the other parties addressed by Rule 4(a)(6) also favors requiring notice. Rule 4(a)(6) mandates an inquiry into the prejudice to other parties caused by any extension of time. The Advisory Committee Note defines prejudice as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal ... for example, if the appellee had taken some action in reliance on the expiration of the normal time period...." A response from the appellee provides the most informed method for a district judge to assess the possible prejudice. For these reasons, we hold that notice in accordance with the local rules is required under Rule 4(a)(6), just as it is for motions to extend time filed outside the thirty-day period under Rule 4(a)(5).

■ However, a district judge has broad discretion to depart from local rules, including the service requirements, "where it makes sense to do so and substantial rights are not at stake." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir.1994). Here, the City did not object to Nunley's filing of the *ex parte* application, and the district judge did not address the violation. Moreover, because Nunley's counsel did inform counsel for the City of the filing of the *ex parte* application and because the City did respond to the application, the *ex parte* nature of the application resulted in no prejudice to the City. For these reasons, we hold that under these circumstances the district judge would not have abused his discretion in departing from the service requirements of the local rules, and therefore Nunley's failure to file a noticed motion under Rule 4(a)(6) should not constitute an independent ground for barring her claim here.

### 2. Showing Necessary to Satisfy Rule 4(a)(6)

■ Rule 4(a)(6) provides "a limited opportunity" for relief under specific circumstances. *See* Fed.R.App.P. 4(a)(6), advisory committee's note. Where a party entitled to receive notice of the entry of judgment or an order has not received notice within twenty-one days of its entry, and where no party would be prejudiced, a district judge may order an extension of time to file a notice of appeal. Fed.R.App.P. 4(a)(6). Rule 4(a)(6) was adopted to reduce the risk that the right to appeal will be lost through a failure to receive notice. It is to be read in conjunction with Fed.R.Civ.P. 77(d). Rule 77(d) allows, and the advisory committee note to Rule 4(a)(6) encourages, prevailing parties "to send their own notice [of the entry of final judgment to the opposition] in order to lessen the chance that a [district] judge will accept a claim of non-receipt in the face of evidence that notices were sent by both the clerk and the winning party." Fed.R.App.P. 4(a)(6) advisory committee's note. The City concedes this was not done here.

While Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt. This is clear from its purpose, which is to provide relief from the risk of non-receipt, and from its relationship to Rule 77(d), whereby a prevailing party can ensure receipt. This conclusion also springs from the language of the comment, which refers to a judge "accept[ing] a claim of non-receipt in the face of evidence that notices were sent by

both the clerk and the winning party," and from the protection given by the rule to prejudiced parties. Fed.R.App.P. 4(a)(6) advisory committee's note.

Non-receipt is difficult to prove conclusively. All that a party seeking to demonstrate non-receipt can normally do is to submit affidavits regarding the usual practice of opening mail and actions consistent with non-receipt and an intent to file an appeal. A returned envelope or other indication of failed delivery is of course helpful, although undoubtedly not available in many cases. Similarly, actual receipt is difficult to show without using certified mail. Here, the order itself and the docket show notations that notice was mailed. As no letter was returned by the post office, the clerk was entitled to assume receipt.

Nunley argues that Rule 301 of the Federal Rules of Evidence should govern her showing of non-receipt of notice of entry. She contends that she has put forward sufficient evidence to rebut the presumption of receipt, and that the district judge erred in finding the evidence insufficient to rebut the presumption. Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee.[5] *Anderson v. United States*, 966 F.2d 487, 491–92 (9th Cir.1992) (citing *Rosenthal v. Walker*, 111 U.S. 185, 193–94, 4 S.Ct. 382, 386, 28 L.Ed. 395 (1884)). However, where a district judge requires extensive evidence to rebut the presumption or continues to rely upon the presumption after it is rebutted, the district judge effectively erects an irrebuttable and insurmountable barrier to the application of Rule 4(a)(6), as did the district judge here.

Under the so-called "bursting bubble" approach to presumptions, a presumption disappears where rebuttal evidence is presented. *See, generally, In re Yoder*, 758 F.2d 1114, 1119 (6th Cir.1985) ("Most commentators [and three circuits] have concluded that

Rule 301 as enacted embodies the Thayer or 'bursting bubble' approach") (citations omitted). Courts have formulated the presumption so as to hold it rebutted upon a specific factual denial of receipt. *Id.* at 1118 (testimony of non-receipt sufficient to support such finding, following general rule that a presumption is rebutted "upon the introduction of evidence which would support a finding of the nonexistence of the presumed fact") (citing 10 Moore's Federal Practice § 301.04[2] (2d ed.)). These approaches combine to require that a district judge give no further weight to the presumption of receipt upon a specific factual denial of receipt by a movant under Rule 4(a)(6).[6]

While the Ninth Circuit has not previously adopted either the "bursting bubble" or the "specific factual denial" approaches, the realities of proving non-receipt and the purpose of Rule 4(a)(6) favor adopting the standard here. When a movant specifically denies receipt of notice, a district judge must then weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing.

Regardless of the quantum of evidence necessary to rebut the presumption, the movant still bears the burden of proving non-receipt. Fed.R.Evid. 301 ("risk of nonpersuasion ... remains throughout the trial upon the party on whom it was originally cast"). Even after the "bubble" of presumption has "burst," the factual question of receipt remains and may be decided in favor of receipt by a fact finder who may choose to draw inferences of receipt from the evidence of mailing, in spite of contrary evidence. *In re Yoder*, 758 F.2d at 1119 n. 8 ("The facts giving rise to the presumption often give rise to an inference that remains and may still be considered by the factfinder") (citing IV Wigmore on Evidence § 2491 (Chadbourne rev. 1981)). "If the clerk or a party attests to mailing or otherwise serving the notice of

---

**5.** Nunley nevertheless argues that no evidence was presented to show that notice was in fact mailed. The district judge, however, could properly find the presumption raised by the docket and the stamp on the order, which showed that notice was sent to Nunley's counsel.

**6.** "Specific factual denial" describes the evidence necessary to rebut the presumption, and "bursting bubble" describes the absence of the presumption once rebutted.

entry, but the potential appellant attests that it was never received, the matter will apparently have to be resolved as a question of fact." David D. Siegel, "Changes in Federal Rules of Civil Procedure," 142 F.R.D. 359, 378 (1992). We note that applying the "bursting bubble" and "specific factual denial" standard will not undermine the finality of judgments, because parties can close the period for filing a notice of appeal by sending actual notice of the judgment to the opposing side, and the 180–day limit of Rule 4(a)(6) provides the outer boundary for such motions.

At the time it made its ruling, the district judge here did not have the benefit of the "bursting bubble" and "specific factual denial" standard as we have applied them to Rule 4(a)(6). In applying this standard we find that the district judge erred in basing its denial of Nunley's motion upon the continuing vitality of the presumption of receipt. Nunley's specific factual denial of receipt had in fact rebutted the presumption. The district judge would not have erred if he had resolved the question of receipt against Nunley by carefully weighing the evidence. Such a resolution of the question would have been a factual determination, reviewed for clear error. *Anderson,* 966 F.2d at 492 (citing *United States v. Vasquez,* 858 F.2d 1387, 1391 (9th Cir.1988), *cert. denied,* 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 978 (1989)). However, the district judge made no such determination, relying instead on an expansive view of the deflated presumption.

■ Still, our holding regarding the presumption of receipt does not end our review. The use of the verb "may" in Rule 4(a)(6) may leave a district judge with some discretion to deny the motion to extend time even where the requirements of the rule have been met. While the Ninth Circuit has not yet addressed the question, other circuits have visited the scope of discretion to be afforded a district judge under Rule 4(a)(6), with varying results. *Compare Matter of Jones,* 970 F.2d 36, 39 (5th Cir.1992) (discretion to deny) *with Avolio v. County of Suffolk,* 29 F.3d 50, 54 (2nd Cir.1994) (discretion cannot incorporate concept of "excusable neglect").

In *Matter of Jones,* the Fifth Circuit held that Rule 4(a)(6) is permissive and does not require a district judge to grant relief even if a movant demonstrates non-receipt of notice and the lack of prejudice to any party from the extension of time. In *Jones,* counsel had not received notice of the order because counsel failed to inform the clerk of a change of address. 970 F.2d at 39. Counsel also checked the docket sheet but failed to notice the entry of the order because it had been noted on the reverse of the first page instead of on a separate page. *Id.* In applying the abuse of discretion standard and upholding the district judge's denial of relief under Rule 4(a)(6), the Fifth Circuit clearly allowed the district judge to hold counsel to more than the literal requirements of 4(a)(6). The Fifth Circuit reasoned that "Rule 4(a)(6) allows the district court to grant relief if the specific requirements are satisfied, but the rule does not require the district court to grant the relief, even if the requirements are met." *Id.*

However, in *Avolio v. County of Suffolk,* the Second Circuit held that "a denial of relief [under Rule 4(a)(6) ] may not be based on a concept of inexcusable neglect for not having learned of the entry of judgment." 29 F.3d at 54. The Second Circuit found that the word "may" in Rule 4(a)(6) did not justify the importation of the standard of "excusable neglect" from Rule 4(a)(5) into Rule 4(a)(6). *Id.* at 53. Rule 4(a)(5) provides that a district judge may extend the time for filing a notice of appeal "upon a showing of excusable neglect or good cause." Fed.R.App.P. 4(a)(5). The Second Circuit in *Avolio* reasoned that "[t]he purpose of subdivision (6) was to relieve parties of the rigors of subdivision (5) when the failure to timely appeal was caused by not having received notice of the entry of judgment." *Id.*

In this case, the district court denied an extension both because it found that Nunley had not rebutted the presumption of receipt and because it did not find counsel's actions reasonable under the circumstances. The first ground for the denial foundered upon an erroneous conception of the presumption and the evidence necessary to overcome it. The district judge referenced the second ground

in denying relief under Rules 4(a)(5) and (6). Therefore, if we interpreted Rule 4(a)(6) as allowing for an inquiry into the "excusable neglect" mandated by Rule 4(a)(5), the district judge's rejection of the motion on that ground might stand.

However, we concur with the reasoning of the Second Circuit and hold that the concept of excusable neglect has no place in the application of Rule 4(a)(6). To hold otherwise would negate the addition of Rule 4(a)(6), which provides an avenue of relief separate and apart from Rule 4(a)(5). As the Second Circuit noted in *Avolio:*

> Were we to accept the district court's interpretation, we would subvert the central purpose of subdivision (6). As noted by the civil rules advisory committee in recommending a companion amendment to Fed.R.Civ.P. 77(d), "The purpose of the revisions is to permit district courts to ease strict sanctions now imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of a judgment."

29 F.3d at 53 (citation omitted). Any burden that this interpretation places upon other parties is mitigated by the inquiry into prejudice mandated by Rule 4(a)(6) and the running of the period for extensions within seven days of actual notice by a party or the clerk under Rule 77(d). *See id.* (citing Siegel, "Changes to Federal Rules of Civil Procedure," 142 F.R.D. at 378). Given the considerations of prejudice and finality incorporated into the structure of Rule 4(a)(6), we see no reason here to favor a technical denial of the opportunity to appeal over a decision on the merits of that appeal.

Still, this interpretation does not result in the automatic application of Rule 4(a)(6) upon findings of no receipt and no prejudice to other parties. The word "may" allows for discretion. To base that discretion, however, upon "excusable neglect" would unduly undercut the rule. We need not reach the exact scope of district court discretion here. It is enough to state that district judges have some discretion, but that where non-receipt has been proven and no other party would be prejudiced, the denial of relief cannot rest on a party's failure to learn independently of the entry of judgment during the thirty-day period for filing notices of appeal.

■ Here, the district judge did not expressly question the relevant circumstances alleged by Nunley's counsel. Nunley introduced facts tending to demonstrate non-receipt of the notice, namely the office practice of opening mail. In addition, prior to the running of the thirty-day period for appeal, Nunley's counsel went to the district court clerk's office and asked to view the docket. Informed that the docket could not be found, counsel examined the file, which lacked any indication that an order had been signed. Finally, after a paralegal conducted a similarly unproductive file search, the docket became available for inspection and Nunley's counsel observed the April 9, 1993 entry of the order denying her motion for judgment notwithstanding the verdict and for new trial. The file still did not contain the signed order.

In the absence of a factual determination of the question of actual receipt based upon the evidence, the denial under these circumstances of an extension under Rule 4(a)(6) would constitute an abuse of discretion. Because he lacked the approaches to the presumption of receipt we have discussed and adopted, the district judge erroneously found that Nunley had not rebutted the presumption and did not evaluate the evidence tending to prove receipt and weigh it against the evidence of non-receipt. Therefore, we vacate the district court's order and remand to the district judge for this determination.

### B. *Fed.R.App.P. 4(a)(5)*

Nunley asks us to apply the Supreme Court's recent holding in *Pioneer Inv. Serv. Co. v. Brunswick Assoc.,* ── U.S. ──, ──, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993) (5–4 decision), to Fed.R.App.P. 4(a)(5). In *Pioneer,* the Supreme Court interpreted the term "excusable neglect" in connection with Bankr.R. 9006(b)(1), which extends the time to file a proof of claim, and applied a flexible standard, holding that inadvertence or negligence may constitute excusable neglect. *Id.* at ──, 113 S.Ct. at 1496. Because we remand to the district court for an application of the "bursting bubble" and "specific

factual denial" standard under Rule 4(a)(6), and because Rule 4(a)(6) is the preferable route for relief where a party alleges non-receipt of notice of entry, we need not reach the issue of the correct formulation of excusable neglect in the context of Fed.R.App.P. 4(a)(5).

For these reasons, we VACATE the decision of the district court and REMAND for further proceedings.