**Tommy L. MARTIN, Jr., Petitioner–Appellant,**

v.

**Dennis STRAUB, Warden; Michigan Department of Corrections, Respondents–Appellees.**

**No. 00–2178.**

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before NORRIS and BATCHELDER, Circuit Judges; GWIN, District Judge.*

Tommy L. Martin, Jr., a Michigan prisoner proceeding pro se, appeals the district court order denying his motion to extend the time for filing a late notice of appeal from the judgment dismissing his 28 U.S.C. § 2254 habeas corpus petition. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1984, Martin was convicted of three counts of armed robbery, criminal sexual conduct, and felony firearm. In 1992, after a partially successful motion for relief from judgment, the court re-sentenced him to seven to fifteen years, fifteen to thirty years, and two years of imprisonment, respectively. Martin filed his habeas petition in September 1997, attacking the way in which the Michigan Department of Corrections calculated his good-time, special good-time, and disciplinary credits. The district court denied the petition by order and judgment entered May 28, 1999. On November 29, 1999, Martin filed a "Motion to File Notice of Appeal Within 180–day Limit," and a notice of appeal from the judgment dismissing his petition. This court remanded the case to the district court for the limited purposes of ruling on Martin's motion to extend time to file his notice of appeal, and if appropriate, grant or deny him a certificate of appealability. The district court denied Martin's motion for an extension of time in an order entered September 15, 2000. Martin timely appealed that order.

On appeal, Martin argues that the district court abused its discretion when the court denied his motion for an extension of time.

■ This court reviews a district court order denying a motion to extend or reopen the time for filing a notice of appeal for an abuse of discretion. *Nunley v. City of Los Angeles,* 52 F.3d 792, 794 (9th Cir. 1995) (Fed. R.App. P. 4(a)(6)); *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir. 1989) (Fed. R.App. P. 4(a)(5)).

■ Upon review, we conclude that the district court did not abuse its discretion when the court denied Martin's motion. Martin failed to meet the requirements for extending the time to appeal under Fed. R.App. P. 4(a)(5). He alleged that he did not receive notice of entry of the district court's judgment dismissing his petition until June 21, 1999, and that he was ill and unable to get access to the prison law library thereafter. The district court's judgment denying Martin's petition was entered May 28, 1999. Thus, Martin had thirty days from that date to file a timely notice of appeal. *See* Fed. R.App. P. 4(a)(1)(A). Even if the reasons offered by Martin in support of his motion qualify as excusable neglect, he had only an additional thirty days to file a motion for an extension of time. *See* Fed. R.App. P. 4(a)(5); *Beard v. Carrollton R.R.,* 893 F.2d 117, 120 (6th Cir.1989). His November 29, 1999, motion was untimely.

■ Martin also failed to satisfy the requirements for reopening the time to appeal under Fed. R.App. P. 4(a)(6). Because Martin received notice of the entry of the judgment earlier than 180 days after the judgment was entered, he was required to file a motion to reopen the time for appeal within seven days after receiving notice. *See* Fed. R.App. P. 4(a)(6)(A). A district court has no authority to consider a motion which is not filed within Rule 4(a)(6)'s time constraints. *Nunley,* 52 F.3d at 794–95. Thus, Martin's November 29, 1999, motion was untimely under this rule, as well.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.