**In re Mark Logan CLINE and Cindy Rae Cline, Debtors.**

**Sears, Roebuck And Company, Plaintiff,**

v.

**Mark Logan Cline and Cindy Rae Cline, his wife, Defendants.**

**Bankruptcy No. 02–40448.
Adversary No. 02–4056.**

United States Bankruptcy Court,
W.D. Washington.

Aug. 6, 2002.

Roger E. Rahlfs, Seattle, WA, for plaintiff.

Mark Logan Cline, Cindy Rae Cline, pro se.

## DECISION ON SUMMARY JUDGMENT

PHILIP H. BRANDT, Chief Judge.

This matter came on plaintiff's motion for summary judgment. I have considered the supporting declaration and debtors' response, noting their adoption in open court on 8 July 2002 of their letters to the court (the first dated 18 April 2002 (docket no. 4) and the second received 3 July 2002 (docket no. 19)) as their sworn testimony. The parties have agreed to submission on the papers. For the reasons set forth below, I will deny the plaintiff's motion for summary judgment and grant summary judgment for debtors.

## I. FACTS

Debtors filed a chapter 7[1] petition on 15 January 2002. Plaintiff Sears filed a timely adversary proceeding to determine dischargeability, and now seeks summary judgment that its claim against debtors is nondischargeable for fraud under § 523(a)(2). In addition, Sears seeks attorneys' fees and costs.

The statements attached to the declaration in support of the motion indicate that, from 13 November 2001 through 17 December 2001, debtor Cindy Cline accrued $4467.79 on her credit account with plaintiff, including interest and late fees. Of this amount, $3405.85 (including cash access fees) was charged within 60 days of the filing of debtors' bankruptcy petition on 14 January 2002 (beginning 16 November 2001). There was previously no balance on the account.

Of the charges made within the 60 days prior to filing, $1647.24 is from cash advances or convenience checks and related fees. The balance is attributable to purchases at grocery stores ($313.06), automotive supply stores or service stations ($177.47), discount and home improvement stores ($350.54), and hotels and restaurants ($45.27). The largest single charge is $872.27 charged to a furniture store on 13 December 2001.

According to the debtors, Cindy Cline acquired the Sears credit card while she and her husband were separated. As her husband had been the primary wage earner in the household, she used the credit

---

1. Absent contrary indication, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, "FRCP" references, to the Federal Rules of Civil Procedure, and "FRE" references, to the Federal Rules of Evidence.

card as a way to survive while attempting to support herself and three other people (although debtors' schedule I indicates no dependents), asserting that she always planned to repay the credit card debt. Debtors have since reconciled. According to defendants, the bankruptcy filing was precipitated by Mark Cline's unemployment due to a heart condition; he has recently returned to light duty work. Debtors' schedules indicate their income was $2680 per month when they filed their petition.

## II. JURISDICTION

This is a core proceeding within this court's jurisdiction. 28 U.S.C. § 1334(a) and (b), and 157(a) and (b)(2)(I); Gen. R. 7, part I, Local Rules, W.D. Washington.

## III. LAW

I may grant summary judgment for the non-moving party if the records, files, affidavits and documents presented show that there is no genuine dispute respecting a material fact essential to the proof of movant's case, and that the case cannot be proved if a trial should be held. FRCP 56, applicable via Rule 7056; *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir.1982).

### A. *Actual Fraud:*

■ Section 523(a)(2)(A) excepts from discharge debts incurred by false pretenses, a false representation, or actual fraud. To prevail under this section Sears must prove the elements of common law fraud: (1) that the debtor made the representations; (2) that at the time he knew

they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *Citibank (South Dakota), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1086–87 (9th Cir.1996).

■ There are no disputed factual issues. With respect to charges incurred outside the presumption period, Sears has set forth neither argument nor evidence to meet its burden of showing all of the elements of common law fraud: there is simply no evidence of any intent to deceive, and the Clines' evidence of intent (i.e., that they planned) to repay is uncontroverted. Although debtors' financial circumstances were dire when Mrs. Cline incurred the charges, that does not establish an intent not to repay. *See Anastas v. American Sav. Bank (In re Anastas)*, 94 F.3d 1280, 1285–86 (9th Cir.1996).

### B. *Presumed Fraud:*

Plaintiff is left with § 523(a)(2)(C), the presumption of nondischargeability for cash advances and luxury goods. That section eases the burden on a creditor by creating a rebuttable presumption of nondischargeability for debts incurred within 60 days of filing a bankruptcy petition exceeding $1150 for luxury goods or services, or for cash advances exceeding that amount under an open end consumer credit agreement.[2]

---

2. The section provides:

[F]or purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $1,150 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this title, or cash advances aggregating

more than $1,150 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 60 days before the order for relief under this title, are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of

■ Congress created this presumption to discourage "spending sprees" by debtors in anticipation of bankruptcy. Steven H. Resnicoff, *Barring Bankruptcy Banditry: Revision of Section 523(a)(2)(C)*, 7 Bankr.Dev. J. 427, 428–29 (1990).

Respecting the non-cash advance charges within the presumption period, there is no evidence that the items purchased were luxury items, nor is there any presumption to that effect. With the possible exceptions of the furniture and hotel/restaurant charges, none of the purchases were made at establishments suggesting the purchase of luxury items. Even were I to assume that those charges were for luxury items, the amounts incurred aggregate to less than $1150.

■ The cash advances total $1647.24, and Sears is entitled to the presumption of nondischargeability. However, this presumption is rebutted by Cindy Cline's statement that she always intended ("planned") to repay. Plaintiff has brought forth no controverting evidence.

■ FRE 301 provides, in part:
[A] presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

The rule adopts the "bursting bubble" approach: a presumption vanishes when put in question by rebutting evidence. While FRE 301 does not establish the level of proof needed to rebut a presumption, most courts have held that any evidence creating a substantial doubt in the mind of a trier of fact defeats a presumption. Hon.

the debtor or a dependent of the debtor

Barry Russell, *Bankruptcy Evidence Manual*, § 301.3 (2002).

Because Cindy Cline presented specific uncontroverted evidence to the contrary—she swears that she used her account for necessities, and that she always planned to repay—the presumption of fraud bursts. *See Nunley v. Los Angeles*, 52 F.3d 792, 796 (9th Cir.1995) (holding that appellant's specific factual denial of receipt was sufficient evidence to defeat the presumption of receipt raised by a docket entry showing mailing).

As the presumption is overcome, and there is no evidence of fraud, as distinct from dire circumstances, I will enter an order granting summary judgment to the defendants and dismissing the adversary proceeding.