**Charles McCARNES, aka Charles Francis McCarns III, aka Charles Francis McCarnes III, Petitioner,**

v.

**Debra DEXTER,[1] Respondent.**

**No. EDCV 05–1047–SGL(RC).**

United States District Court, C.D. California.

April 22, 2008.

---

**1.** Pursuant to Fed.R.Civ.P. 25(d)(1), Debra Dexter, current Warden of Ironwood State Prison, is substituted as the respondent in this action.

Roger S. Hanson, Roger S. Hanson Law Offices, Santa Ana, CA, for Petitioner.

J. Conrad Schroeder, Office of the Attorney General of California, Los Angeles, CA, for Respondent.

## ORDER GRANTING RESPONDENT'S ALTERNATIVE MOTION TO REOPEN THE TIME TO APPEAL

STEPHEN G. LARSON, District Judge.

On January 31, 2008, Judgment was entered granting petitioner Charles McCarnes's habeas corpus petition and ordering the parole date set by the Board of Prison Terms to be reinstated. *See McCarns v. Dexter*, 534 F.Supp.2d 1138 (C.D.Cal.2008). That same day, the Clerk of Court sent electronic notice of the entry of Judgment to the attorneys of record for the parties: Roger S. Hanson, on behalf of petitioner, and J. Conrad Schroeder, Deputy Attorney General, on behalf of respondent. Subsequently, on March 20, 2008, respondent filed a notice of change of designation of counsel, stating: "Mr. J. Conrad Schroeder is no longer counsel for this Respondent. Instead, Deputy Attorney General Charles Chung is now the attorney of record for Respondent Debra Dexter, Warden, in this action."

On March 26, 2008, respondent filed a notice of motion and motion for relief from Judgment or, in the alternative, for additional time to file an appeal or to reopen the time to appeal, with a supporting memorandum of points and authorities and the supporting declaration of Charles Chung.

On March 27, 2008, petitioner filed an opposition to respondent's motion, and on April 2, 2008, petitioner filed an amended opposition. On April 4, 2008, respondent filed a reply, and on April 7, 2008, petitioner filed a response to respondent's reply.

## DISCUSSION

█ Since a habeas corpus proceeding is considered a civil matter, Fed. R. App, P. 4(a) governs the time to file an appeal from the entry of Judgment granting or denying the habeas petition. Fed. R.App. P. 4(a)(1)(A); *Malone v. Avenenti*, 850 F.2d 569, 571 (9th Cir.1988). Thus, under Rule 4(a), respondent had 30 days from January 31, 2008, the date Judgment was entered, or until March 3, 2008,[2] to timely file a notice of appeal. Fed. R.App. P. 4(a)(1)(A). However, respondent did not do so.

█ A party who does not timely file a notice of appeal may, in certain circumstances, seek to reopen the time to file an appeal under Rule 4(a)(6), which provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) [3] of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R.App. P. 4(a)(6) (footnote added); *see also* Fed.R.Civ.P. 77(d)(2) ("Lack of notice of the entry [of Judgment] does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)."). Thus, "Rule 4(a)(6) provides 'a limited opportunity' for relief under specific circumstances." *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir.1995). Nevertheless, "the district court has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met." *Arai v. Am. Bryce Ranches, Inc.*, 316 F.3d 1066, 1069 (9th Cir.2003).

█ "While Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt." *Nunley,* 52 F.3d at 795. Thus, a party's "specific factual denial of receipt" is sufficient to rebut any presumption of receipt under the common law mailbox rule. *Id.*; *Schikore v. BankAmerica Supplemental Retirement Plan,* 269 F.3d 956, 964 n. 7 (9th Cir.2001). Here, respondent has presented undisputed evidence through Mr. Chung's declaration that she did not, and has not, received notice from the Clerk or petitioner under Rule 77(d) of the entry of Judgment. *See* Declaration of Charles Chung ("Chung Decl.") ¶ 9 ("I did not, and have not, received any notice from the

---

**2.** Since March 1, 2008, the thirtieth day after January 31, 2008, was a Saturday, respondent had until March 3, 2008, to timely file a notice of appeal. Fed. R.App. P. 26(a)(3); *Funbus Sys., Inc. v. State of Cal. Pub. Util. Comm'n,* 801 F.2d 1120, 1124 (9th Cir.1986).

**3.** Rule 77(d) provides, in pertinent part:

Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b). Fed.R.Civ.P. 77(d)(1).

Court, from the Court's clerk, or from opposing counsel regarding the magistrate judge's report and recommendation or the Court's order and judgment. I am informed and believe that no other employee of the Department of Justice received notice from the Court, from the Court's clerk, or from opposing counsel regarding the magistrate judge's report and recommendation or the Court's order and judgment."). Mr. Chung further explains the reason for the lack of notice: On November 8, 2007, J. Conrad Schroeder, respondent's former counsel, left his position as Deputy Attorney General, and on December 7, 2007, Mr. Chung was assigned to handle this matter, Chung Decl. ¶¶ 2–3, 5; however, "Mr. Chung failed to file a notice of reassignment of counsel" until March 20, 2008, after Judgment was entered and the time to appeal had expired. Motion at 2:21. Because of this, the Clerk electronically sent notice of the Report and Recommendation, and the subsequent Order adopting the Report and Recommendation and Judgment, to Mr. Schroeder, respondent's former counsel. *See* Chung Decl. ¶ 3 ("On information and belief from the Technical Assistance Center of the Department of Justice, Mr. Schroeder's e-mail account was disabled on November 9, 2007 and no e-mail messages could be received at Mr. Schroeder's former e-mail account after November 9, 2007."). Therefore, the requirements of Rule 4(a)(6)(A) are satisfied. Moreover, the requirements of Rule 4(a)(6)(B) are also satisfied since respondent has never received notice from the Clerk or petitioner of the entry of Judgment under Rule 77(d), and respondent filed the pending motion to reopen the time to file an appeal within 180 days after the entry of Judgment.

With regard to Rule 4(a)(6)(C), the Advisory Committee Notes define prejudice as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." Advisory Committee Notes 1991 Amendment; *Nunley*, 52 F.3d at 795. Here, petitioner argues he will be prejudiced "[b]ecause [of] the delay involved, which will include a protracted appeal, will consume at least one year or more, which, when [petitioner's] prison term is correctly calculated, will substantially delay his release on parole...." Amended Oppo. at 3:25–28. However, delay of the finality of a Judgment is a "consequence[ ] ... present in every appeal[,]" which, as the Advisory Committee Notes make clear, is insufficient to constitute prejudice within the meaning of Fed. R.App. P. 4(a)(6)(C). Furthermore, the appeal of a grant of habeas corpus need not necessarily delay the inmate's release on parole. *See* Fed. R.App. P. 23(c) ("While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety."). Therefore, the Court also finds the requirements of Rule 4(a)(6)(C) have been met.

For the foregoing reasons, respondent's motion under Fed. R.App. P. 4(a)(6) to reopen the time to file a notice of appeal should be granted.[4]

4. Having granted respondent's motion to reopen the time to file an appeal under Fed. R.App. P. 4(a)(6), the Court need not consider whether Mr. Chung's failure to promptly file a notice of substitution of counsel constitutes

"excusable neglect" sufficient to vacate Judgment under Rule 60(b)(1), or sufficient to extend the time to file an appeal under Fed. R.App. P. 4(a)(5). *See Nunley*, 52 F.3d at 798

## ORDER

IT IS ORDERED that respondent's motion to reopen the time to file a notice of appeal is GRANTED, and respondent shall have fourteen (14) days from the date this Order is entered to file a notice of appeal.

("[T]he concept of excusable neglect has no place in the application of Rule 4(a)(6).").