*533 IRVING, J.,
Dissenting.
¶ 13. The majority finds that the circuit court abused its discretion in denying PERS’s motion for an out-of-time appeal. While noting that the circuit court did not make any specific findings of facts as to prejudice, the majority finds that the record contains neither any credible evidence nor any inference to support the trial judge’s inherent finding of prejudice. (Maj. opinion at (¶¶ 10-11)). Because of this lack of evidence to support a finding of prejudice, the majority concludes that the circuit court abused its discretion and reverses the trial judge’s order denying PERS an out-of-time appeal. In my view, the majority errs. Therefore, I dissent.
¶ 14. For the reasons that I now explain, I would affirm the decision of the trial judge. I do not believe, as the majority apparently does, that Rule 4(h) of the Mississippi Rules of Appellate Procedure requires a trial judge to grant a party’s motion to reopen the time for taking an appeal if the other party will not suffer any prejudice.[3] In other words, I believe the trial judge retains some discretion to deny the motion even if the requirement of “no prejudice” is established. The comment to the rule says as much:
While the trial court retains some discretion to refuse to reopen the time for appeal even when the requirements of Rule U(h) are met, the concept of excusable neglect embodied in Rule 4(g) simply has no place in the application of Rule 4(h). See Avolio v. Suffolk, 29 F.3d 50, 53 (2d Cir.1994). “To hold otherwise would negate the addition of Rule 4[h], which provides an avenue of relief separate and apart from Rule 4[g].” Nunley v. City of Los Angeles, 52 F.3d 792, 797 (9th Cir.1995). Thus, “where non-receipt has been proven and no other party would be prejudiced, the denial of relief cannot rest on [a lack of excusable neglect, such as] a party’s failure to learn independently of the entry of judgment during the thirty-day period for filing notices of appeal.” Id. at 798.
M.R.A.P. 4(h) cmt.(emphasis added).
¶ 15. We cannot know on the current record why the trial judge denied PERS’s motion for an out-of-time appeal, but imputing a requirement in the rule and then scouring the record for evidence of the imputed requirement is not a permissible option. Whether an out-of-time appeal should be granted is left to the sole discretion of the trial court. Fortunately or unfortunately, depending upon one’s point of view, the rule only prescribes the threshold requirements or prerequisites for a judge’s exercising of that discretion. In other words, if the nonmoving party will suffer prejudice, a trial judge has no discretion to exercise. The judge must deny the motion for an out-of-time appeal. The majority erroneously reads the rule as establishing the criteria for judging whether a trial judge has abused the discretion that is conditionally granted. In reading the rule this way, the majority not only emasculates the word “may” in the rule, it replaces it with “shall.” The Mississippi Supreme Court has made clear that the term “may” is considered permissive or discretionary and that “shall” is considered *534 mandatory. Weiner v. Meredith, 943 So.2d 692, 695(¶ 11) (Miss.2006).
¶ 16. Since “may” and not “shall” is used in Rule 4(h), it is my view that the majority errs in reversing the trial judge for exercising the very discretion that he is permitted by the rule to exercise. In Avo-lio, 29 F.3d at 54, the Second Circuit Court of Appeals reversed the decision of the district court, which denied the plaintiffs’ motion to reopen the time to file an appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure, and remanded for further proceedings. Federal Rule 4(a)(6) is identical to our Rule 4(h). The Avolio court reversed because the district court improperly read into the rule a requirement that the moving party prove excusable neglect before being allowed to proceed with an out-of-time appeal. Id. at 52. But more importantly for our purposes, the Avolio court recognized that the rule does not prescribe the breadth of a trial judge’s discretion:
We need not determine to what extent discretion may lie in the district court under this rule; we do determine, however, that a denial of relief may not be based on a concept of inexcusable neglect for not having learned of the entry of judgment. That concept has no place in the application of subdivision (6).
Id. at 54.
¶ 17. As stated, the trial judge did not provide his reason for denying PERS’s motion. Therefore, it cannot be legitimately argued that the judge denied the motion because he found PERS’s actions inexcusable in not discovering that the judgment had been entered. I quote the pertinent portion of the judge’s order:
This cause having come by way of the Appellee’s Motion for Leave to File an Out-of-Time Appeal and the Court having considered the Motion of the Appel-lee, the Reply of the Appellant and the Memoranda of Law supporting said pleadings, does hereby find that the Motion is not well-taken and is hereby denied.
After its motion was denied, PERS filed a motion for reconsideration, and the trial judge denied the motion, stating: “This cause having come by way of the Appel-lee’s Motion for Reconsideration and the Court having considered the Motion of the Appellee and the Reply of the Appellant, does hereby find that the Motion is not well-taken and is hereby denied.”
¶ 18. It is immediately apparent from a reading of the trial judge’s order that the judge did not find that PERS did not receive notice of the entry of the order in Lee’s favor or that Lee would not be prejudiced if the motion were granted. Although PERS stated in its motion for leave to file an appeal out of time that it did not receive notice of the entry of the order until August 30, 2007, after the expiration of the time in which to file an appeal, Lee did not admit this allegation in his response. In fact, Lee’s response to PERS’s motion suggests that he believes PERS was not entirely honest in making such an assertion. In his response, Lee stated in part:
Prior to providing this proposed order, counsel for Mr. Lee advised the Court of the impending deadline with respect to such ruling, copies of this correspondence are attached as Exhibits “A,” “B,” and “C.” PERS was copied on the correspondence from Mr. Lee’s counsel to the Court; therefore, based upon this correspondence and the mandates of the aforementioned rule, it is inconsistent with the facts and law for PERS to claim surprise that the Court ruled when it did and that PERS did not learn of such ruling until the time for appeal had expired. PERS’s motion fails to meet the requirements of MRAP 4(h) *535 and the authority relied upon to formulate the rule; therefore, PERS’s motion should be dismissed and the time for appeal should be deemed to have expired.
¶ 19. Based on Lee’s response to PERS’s motion, it is entirely plausible to me that the trial judge may have believed that PERS actually received notice of entry of the order within twenty-one days of it being entered. Therefore, under such circumstances, PERS would not have met the first of the two threshold requirements for the trial judge to even exercise his discretion in PERS’s favor. In any case, it was incumbent upon PERS to move the trial court to make specific findings with respect to the notice and prejudice issues. It did not, even in its motion for reconsideration. Therefore, because of this additional reason, the majority errs in reversing the trial judge.
¶ 20. For the reasons presented, I dissent. I would affirm the order of the trial judge denying PERS an out-of-time appeal.
LEE AND MYERS, P.JJ., AND BARNES, J., JOIN THIS OPINION.

. Rule 4(h) provides:
The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
(Emphasis added).