**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6203**

MICHAEL ANTWUAN WILLIAMS,

                    Petitioner - Appellant,

        v.

LORETTA K. KELLY, Warden, Sussex I State Prison,

                    Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (3:10-cv-00808-JRS)

Submitted: April 24, 2014          Decided:  April 29, 2014

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Michael Antwuan Williams, Appellant Pro Se.  Alice Theresa Armstrong, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Antwuan Williams seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2012) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." Fed. R. Civ. P. 77(d)(2).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits the reopening of the appeal period if a party has not received notice of the judgment or order within twenty-one days after entry, but the motion requesting such relief must be filed within 180 days after entry of the judgment or order or fourteen days after the party received notice of the judgment or order, whichever is earlier. Fed. R. App. P. 4(a)(6). The time requirements of Rule 4(a) are mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 208-14 (2007); Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264-65 (1978).

2

The district court's order was entered on the docket on August 30, 2011.  Williams delivered a notice of appeal and motion to reopen the appeal period to prison officials for mailing on January 27, 2014.  See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).  In the notice and motion, Williams claimed he was not "properly notified" of the district court's denial decision in time to file a timely notice of appeal.  However, the 180-day reopening period expired well before Williams filed his notice of appeal and motion to reopen. Thus, Williams is not eligible for reopening of the appeal period.  Nunley v. City of Los Angeles, 52 F.3d 792, 794-95 (9th Cir. 1995); Hensley v. Chesapeake & Ohio Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981).

Accordingly, because Williams failed to file a timely notice of appeal or to obtain an extension of the appeal period and is not eligible for reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3