**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7523**

JORGE GEVARA,

        Plaintiff - Appellant,

      v.

F. B. HUBBARD, Superintendent; CRUTCHFIELD, Assist. Superintendent of Programs; DEBRA DUNCAN, R.N. - Medical Administrator; C. FIELDS, Correctional Officer; DAVID OSTORNE, Asst. Director Prisons; PAULA Y. SMITH, Medical Director of Prisons; THEODIS BECK, Secretary of Prisons; D. JONES MURPHY, Nurse; AMY S. MACKEY; PETER KEYSER; PERRITT, Unit Manager; T. JONES, Asst. Unit Manager; P. BETHEA, Correctional Officer; PURCEL, Correctional Officer; QUICK, Sergeant; MILLER, Sergeant; ASHE HARRIS, Notary Public; BOYD BENNETT,

        Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:09-cv-00681-WO-LPA)

Submitted: December 15, 2015    Decided: December 18, 2015

Before GREGORY and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jorge Gevara, Appellant Pro Se.   Lisa Yvette Harper, Assistant
Attorney General, Fayetteville, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Gevara seeks to appeal the district court's judgment dismissing his 42 U.S.C. § 1983 (2012) civil action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "Lack of notice of the entry does not affect the time for appeal or relieve-or authorize the court to relieve-a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." Fed. R. Civ. P. 77(d)(2).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits the reopening of the appeal period if a party has not received notice of the judgment or order within 21 days after entry, but the motion requesting such relief must be filed within 180 days after entry of the judgment or 14 days after the party received notice of the judgment or order, whichever is earlier. Fed. R. App. P. 4(a)(6). The time requirements of Rule 4(a) are mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 208-14 (2007).

3

The district court's order was entered on the docket on June 25, 2014. Gevara delivered a notice of appeal to prison officials for mailing on September 22, 2015. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988). In the notice, Gevara claimed he "never received any judgment or notice about any dismissal." However, the 180-day reopening period expired well before Gevara filed his notice of appeal. Thus, Gevara is not eligible for reopening of the appeal period. Nunley v. City of Los Angeles, 52 F.3d 792, 794-95 (9th Cir. 1995); Hensley v. Chesapeake & Ohio Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981).

Accordingly, because Gevara failed to file a timely notice of appeal or to obtain an extension of the appeal period and is not eligible for reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

4