**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 16-7370**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN MYELL SLADE,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:08-cr-00003-FL-1; 4:13-cv-00132-FL)

─────────────

Submitted:  January 31, 2017        Decided:  February 3, 2017

─────────────

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Kevin Myell Slade, Appellant Pro Se.  Shailika S. Kotiya, Joshua Bryan Royster, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Myell Slade seeks to appeal the district court's order adopting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "Lack of notice of the entry does not affect the time for appeal or relieve-or authorize the court to relieve-a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." Fed. R. Civ. P. 77(d)(2).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits the reopening of the appeal period if a party has not received notice of the judgment or order within 21 days after entry, but the motion requesting such relief must be filed within 180 days after entry of the judgment or 14 days after the party received notice of the judgment or order, whichever is earlier. Fed. R. App. P. 4(a)(6). The time requirements of

2

Rule 4(a) are mandatory and jurisdictional.  <u>Bowles v. Russell</u>, 551 U.S. 205, 208–14 (2007).

The district court's order was entered on the docket on July 15, 2016.  Slade's notice of appeal was filed on October 5, 2016.[*]  In the notice of appeal, Slade claims that he received the district court's order on September 9, 2016.  The 14-day period under Rule 4(a)(6), however, expired before Slade filed his notice of appeal.  Thus, Slade is not eligible for reopening of the appeal period.  <u>See</u> <u>Nunley v. City of Los Angeles</u>, 52 F.3d 792, 794–95 (9th Cir. 1995); <u>Hensley v. Chesapeake & Ohio Ry. Co.</u>, 651 F.2d 226, 228 (4th Cir. 1981).

Accordingly, because Slade failed to file a timely notice of appeal or to obtain an extension of the appeal period and is not eligible for reopening of the appeal period, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court.  <u>See</u> Fed. R. App. P. 4(c); <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).