**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6948**

DANIEL THOMAS LANAHAN,

　　　　　　Plaintiff - Appellant,

　　　v.

CLIFTON T. PERKINS HOSPITAL CENTER; DR. KHLID EL SAYED;
DR. KOWAN; DR. DOCTOR HELSEL,

　　　　　　Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.　J. Frederick Motz, Senior District
Judge. (1:15-cv-02512-JFM)

Submitted:　February 13, 2017　　　　Decided:　March 14, 2017

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Daniel Thomas Lanahan, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Thomas Lanahan seeks to appeal the district court's order dismissing his 28 U.S.C. § 2241 (2012) petition without prejudice for lack of exhaustion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "Lack of notice of the entry does not affect the time for appeal or relieve or authorize the court to relieve a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." Fed. R. Civ. P. 77(d)(2).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits the reopening of the appeal period if a party has not received notice of the judgment or order within 21 days after entry, but the motion requesting such relief must be filed within 180 days after entry of the judgment or 14 days after the party received notice of the judgment or order, whichever is earlier. Fed. R. App. P. 4(a)(6). The time requirements of Rule 4(a) are mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 208-14 (2007).

The district court's order was entered on the docket on October 30, 2015. Lanahan's notice of appeal was filed, at the earliest, on July 1, 2016. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988); Jones v. Blanas, 393 F.3d 918, 926-27 (9th Cir. 2004). Lanahan never moved for an extension of the appeal period. Additionally, the 180-day reopening period expired well before Lanahan filed his notice of appeal. Thus, Lanahan is not eligible for a reopening of the appeal period. See Nunley v. City of Los Angeles, 52 F.3d 792, 794-95 (9th Cir. 1995); Hensley v. Chesapeake & Ohio Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981).

Accordingly, we dismiss the appeal. We deny Lanahan's motion for a hearing and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED