**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD VAN HOOK,

   Plaintiff-Appellant,

v.

STATE OF IDAHO; JOHN
MEIENHOFFER; ALPS PROPERTY &
CASUALTY INSURANCE COMPANY;
RYAN O'NEAL, Agent, Federal Bureau
of Investigation; JUDGES OF THE
IDAHO THIRD JUDICIAL DISTRICT
COLLECTIVELY; STEVEN FISHER;
MARY GRANT; KIMBERLY
STRETCH; VIRGINIA BOND; DIANE
MINNICH; DAVID W. CANTRILL;
AARON HOOPER; GARY DEMEYER,
Or Estate of Gary DeMeyer; OFFICERS
OF THE COURT IN ADAMS COUNTY,
Collectively or Individually; OTHER
POTENTIAL DEFENDANTS,

   Defendants-Appellees.

No. 22-35836

D.C. No. 1:21-cv-00199-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted March 7, 2024[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges

Ronald Van Hook appeals pro se from the district court's denial of his motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion,[1] and we affirm.

The district court did not abuse its discretion by denying Van Hook's motion to reopen the time to appeal. It applied the correct legal standard,[2] and its factual finding that Van Hook did not show non-receipt of notice of judgment was not "illogical, implausible, or without support" from the record. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). Because the district court's denial of the motion was not an abuse of discretion, we are without jurisdiction to consider Van Hook's arguments concerning the merits of the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument, *see* Fed. R. App. P. 34(a)(2), and therefore denies Van Hook's motion for oral argument. We also deny Van Hook's motion for consolidation.

[1] *Nunley v. City of Los Angeles*, 52 F.3d 792, 794 (9th Cir. 1995).

[2] *See id*. at 796.

22-35836

underlying case. *Cf. Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007).

Judge Winmill was not required to recuse himself from considering Van Hook's Rule 4(a)(6) motion. Neither Van Hook's lawsuit against the judge nor his unsubstantiated allegations of misconduct are sufficient grounds for recusal. *See United States v. Holland*, 519 F.3d 909, 913, 914 & n. 5 (9th Cir. 2008); *United States v. Studley*, 783 F.2d 934, 939–40 (9th Cir. 1986).

We deny Van Hook's motion for judicial notice and supplementation of the record. Van Hook has failed to specifically connect his prior proceedings with the district court's denial of his motion to reopen the time to appeal,[3] and we will not do so on his behalf.[4]

Finally, we decline to consider Van Hook's arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

---

[3] *See Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023).

[4] *Cf. Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 987 (9th Cir. 2011).